UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, </br> </br>   Plaintiff, </br> </br> v. </br> </br> WAL-MART STORES, INC. d/b/a WAL-MART; </br> BED BATH & BEYOND INC.; </br> FRY'S ELECTRONICS; </br> KOHL'S DEPARTMENT STORES; </br> THE KROGER CO.; </br> SEARS HOLDINGS CORPORATION; </br> TOYS "R" US-DELAWARE, INC.; and </br> WALGREENS BOOTS ALLIANCE, INC. </br> </br>   Defendants. | Civ. Action No. 6:16-cv-34-RWS-JDL </br> </br> JURY TRIAL DEMANDED |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Tinnus Enterprises, LLC ("Tinnus"), by counsel, files this amended complaint against Wal-Mart Stores, Inc. d/b/a Wal-Mart ("Wal-Mart"), Bed Bath & Beyond Inc. ("BBB"), Fry's Electronics ("Fry's"), Kohl's Department Stores ("Kohl's"), The Kroger Co. ("Kroger"), Sears Holdings Corporation ("Sears"), Toys "R" Us-Delaware, Inc. ("TRU"), and Walgreens Boots Alliance ("Walgreens") (collectively, "Defendants"), and in support thereof, states as follows:

### I.    NATURE OF THE ACTION

1. Plaintiff Tinnus brings this action to enjoin the importation, distribution, use, sales and offers to sell by Defendants of certain products known as "Balloon Bonanza," "Balloon Bonanza HD," "Balloon Bonanza HD Color Burst," "Battle Balloons," "Battle Balloons Color Combat," and "Battle Balloons Color Burst" (the "Infringing Products"), that  infringe or

contribute toward the infringement of three valid and enforceable U.S. Patents owned by Tinnus, as well as for monetary damages for Defendants' willful infringement. This case concerns United States Patent No. 9,051,066 ("'066 Patent"), United States Patent No. 9,242,749 ("'749 Patent"), and United States Patent No. 9,315,282 ("'282 Patent") (collectively, the '066 Patent, the '749 Patent, and the '282 Patent are referred to as the "Patents").

## II. THE PARTIES

2. Plaintiff Tinnus Enterprises, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at 3429 18th Street in Plano, Texas.

3. Defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart, is a corporation organized under the laws of the State of Delaware with its principal place of business at 702 SW 8th Street, Dept. 8687 #0555, Bentonville, Arkansas 72716-055.

4. Defendant Bed Bath & Beyond Inc. is a corporation organized under the laws of the State of New York with its principal place of business at 650 Liberty Avenue, Union, New Jersey 07083.

5. Defendant Fry's Electronics is a corporation organized under the laws of the State of California with its principal place of business at 600 East Brokaw, San Jose, California 95112.

6. Defendant Kohl's Department Stores is a corporation organized under the laws of the State of Wisconsin with its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

7. Defendant The Kroger Co., individually and doing business as "Fred Meyer," is a corporation organized under the laws of the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202-1100.

8. Defendant Sears Holdings Corporation, individually and doing business as "K Mart" and "Sears," is a corporation organized under the laws of the State of Delaware with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

9. Defendant Toys "R" Us-Delaware, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at One Geoffrey Way, Wayne, New Jersey 07470-2030.

10. Defendant Walgreens Boots Alliance, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 108 Wilmot Road, Deerfield, Illinois 60015.

### III. JURISDICTION AND VENUE

11. This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1, *et seq.*

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

13. Defendants are subject to this Court's personal jurisdiction because each does and has done substantial business in this judicial district, including selling and offering to sell the Infringing Products throughout the United States, and particularly in Texas and this judicial district. In addition, upon information and belief, Defendants (directly and/or through a distribution network) has or intends to regularly place the Infringing Products in the stream of commerce with the knowledge and/or understanding that such products will be sold in Texas and in the Eastern District. Defendants are subject to the general jurisdiction of this Court because each has regular and systematic contacts with this forum such that the exercise of jurisdiction over each would not offend traditional notions of fair play and substantial justice.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), as well as under 28 U.S.C. § 1400(b).

## IV.   THE PATENTS-IN-SUIT

15. On June 9, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,051,066, entitled "System and Method for Filling Containers with Fluids" to Tinnus.  The '066 Patent includes one independent claim and thirteen dependent claims.  The '066 Patent is attached as **Exhibit A**.

16. Any required maintenance fees have been paid, and the '066 Patent has not expired. Tinnus is the owner by assignment of the entire right, title and interest in the '066 Patent.

17. On January 26, 2016, the USPTO duly and legally issued United States Patent No. 9,242,749, entitled "System and Method for Filling Containers with Fluids" to Tinnus. The '749 Patent is a continuation of the '066 Patent.  The '749 Patent includes one independent claim. The '749 Patent is attached as **Exhibit B**.

18. Any required maintenance fees have been paid, and the '749 Patent has not expired. Tinnus is the owner by assignment of the entire right, title and interest in the '749 Patent.

19. On April 19, 2016, the USPTO duly and legally issued United States Patent No. 9,315,282, entitled "System and Method for Filling Containers with Fluids" to Tinnus. The '282 Patent is a continuation of the '066 Patent.  The '282 Patent includes one independent claim and two independent claims. The '282 Patent is attached as **Exhibit C**.

20. Any required maintenance fees have been paid, and the '282 Patent has not expired. Tinnus is the owner by assignment of the entire right, title and interest in the '282 Patent.

## V.  FACTS

### A. Introduction

21. Josh Malone ("Mr. Malone") is the founder and sole owner of Tinnus and the sole inventor of the Patents.

22. By early 2014, Mr. Malone, a father of eight children and an inventor, had developed a revolutionary new toy product (a product that is now marketed as Bunch O Balloons), which would allow someone to fill as many as 100 water balloons, which self-tie themselves, in approximately 60 seconds.

23. The device includes a hose attachment with an opposite end that is fitted with multiple flexible tubes that connect to balloons. Versions of the device have included 35 or 37 balloons. When the hose is turned on, the balloons fill and are automatically sealed when released of the hose attachment assembly. A website advertising Mr. Malone's Bunch O Balloons product can be found at http://www.bunchoballoons.com.

### B. The '066 Patent

24. On February 7, 2014, Mr. Malone filed a provisional patent application with the USPTO for his invention, which was assigned U.S. Patent Application No. 61/937,083 ("'083 Application"). On February 20, 2014, Mr. Malone filed a further provisional application, U.S. Patent Application No. 61/942,193 ("'193 Application").

25. On September 22, 2014, Mr. Malone filed a non-provisional application, U.S. Patent Application No. 14/492,487 ("'487 Application"), which claimed priority to the two provisional applications. Mr. Malone assigned the '487 Application to Tinnus. The '487 Application issued as the '066 Patent on June 9, 2015.

### C. The '749 Patent

26. On May 28, 2015, Tinnus filed a non-provisional patent application, which was assigned U.S. Patent Application No. 14/723,953 ("'953 Application"), and which also claimed priority to the '083, '193, and '487 Applications. Mr. Malone assigned the '953 Application to Tinnus. The '953 Application issued as the '749 Patent on January 26, 2016.

### D. The '282 Patent

27. On October 22, 2015, Tinnus filed a non-provisional patent application, which was assigned U.S. Patent Application No. 14/921,212 ("'212 Application"), and which also claimed priority to the '083, '193, '487, and '953 Applications. Mr. Malone assigned the '212 Application to Tinnus. The '212 Application issued as the '282 Patent on April 19, 2016.

### E. Bunch O Balloons

28. In March 2014, Mr. Malone, through Tinnus, began taking steps to manufacture the Bunch O Balloons product using certain contractors. The first batch of product was manufactured in June 2014. Manufacturing of the Bunch O Balloons product has continued since that time.

29. To help raise funds for the manufacture and marketing of the Bunch O Balloons product, Mr. Malone, through Tinnus, launched a Kickstarter campaign on July 22, 2014.

30. Kickstarter is the world's largest Internet crowdsource funding platform for creative projects.

31. In less than 12 hours, the project was fully funded to its initial $10,000 goal, and within five days, the project received over a half of a million dollars in startup funding.

32. To date, that funding has reached nearly $1 million, and the Kickstarter video featuring the Bunch O Balloons product has had approximately 2.9 million views.

33. The same day Mr. Malone launched the Kickstarter campaign, July 22, 2014, his Bunch O Balloons invention was featured in *Sports Illustrated's* on-line magazine.

34. Two days later, *Time* magazine ran a story about his novel product on its website.

35. That same day, July 24, 2014, Mr. Malone's invention was featured on a nationally-televised broadcast of *Good Morning America*.

36. Shortly thereafter on July 27, *People* magazine covered the Bunch O Balloons product on its website.

37. Then, on July 29, just a week after Mr. Malone began his Kickstarter campaign, Mr. Malone appeared on the *Today Show* with his unique invention during a nationally-televised broadcast.

38. Moreover, the Bunch O Balloons product went viral on the web, including one YouTube review of Mr. Malone's invention, which currently has in excess of 20 million views.

39. On July 22, 2014, the same day Mr. Malone launched his Kickstarter campaign, he received his first orders from the public for the Bunch O Balloons product, which included 598 orders.

40. Mr. Malone sold out his initial production batch on the first day of his Kickstarter campaign.

41. Mr. Malone received those orders before Defendants began offering their Infringing Products.

42. As the publicity surrounding Mr. Malone's invention increased, so too did the interest in his product.

43. On August 21, 2014, Tinnus launched its website, http://bunchoballoons.com, to accept increasing numbers of product orders.

44. That website has continually received orders from that time until May 2015, following which the website provided links for visitors to a purchasing site based on their desired region.

45. On August 29, 2014, Tinnus shipped its first batch of the Bunch O Balloons product to customers located in the U.S. and around the world. Shipping has continued since that time.

46. On information and belief, Defendants have been and are currently marketing and selling one or more of the Infringing Products, each of which directly infringes the Patents.

47. As to Defendant Wal-Mart:

   a. Following issuance of the '066 Patent, Tinnus sent, on June 11, 2015, a cease and desist letter to Defendant Wal-Mart asking Wal-Mart to cease marketing and selling the Infringing Products.

   b. Following receipt of a notice of allowance for the '212 Application (now matured into the '282 Patent), Tinnus sent, on March 11, 2016, a follow-up letter to Defendant Wal-Mart regarding Wal-Mart's continued marketing and sale of the Infringing Products.  Additional communications occurred subsequent to March 11, 2016 between Tinnus and Wal-Mart.

   c. Defendant Wal-Mart offers to sell and does sell the Infringing Products in its retail stores, including stores in this judicial district.

48. As to Defendant BBB:

   a. As noted below, BBB has been a named defendant in the *Telebrands I* matter since it was filed June 9, 2015.  Upon information and belief, through its involvement as a named defendant in the *Telebrands I* patent infringement lawsuit

involving the '066 Patent, BBB has been kept apprised of and has had actual and/or constructive notice of the '749 Patent and the '282 Patent.

49. As to Defendant Fry's:

a. Following receipt of a notice of allowance for the '212 Application (now matured into the '282 Patent), Tinnus sent, on March 11, 2016, a letter to Defendant Fry's regarding Fry's marketing and sale of the Infringing Products.

b. Defendant Fry's offers to sell and does sell the Infringing Products in its retail stores, including stores in this judicial district.

50. As to Defendant Kohl's:

a. Following receipt of a notice of allowance for the '212 Application (now matured into the '282 Patent), Tinnus sent, on March 11, 2016, a letter to Defendant Kohl's regarding Kohl's marketing and sale of the Infringing Products.

b. Defendant Kohl's offers to sell and does sell the Infringing Products in its retail stores, including stores in this judicial district.

51. As to Defendant Kroger:

a. Following receipt of a notice of allowance for the '212 Application (now matured into the '282 Patent), Tinnus sent, on March 11, 2016, a letter to Defendant Kroger regarding Kroger's marketing and sale of the Infringing Products.

b. Defendant Kroger offers to sell and does sell the Infringing Products in its retail stores, including stores in this judicial district.

52. As to Defendant Sears:

    a. Following receipt of a notice of allowance for the '212 Application (now matured into the '282 Patent), Tinnus sent, on March 11, 2016, a letter to Defendant Sears regarding Sears' marketing and sale of the Infringing Products.

    b. Defendant Sears offers to sell and does sell the Infringing Products in its retail stores, including stores in this judicial district.

53. As to Defendant TRU:

    a. Following issuance of the '066 Patent, Tinnus sent, on June 11, 2015, a cease and desist letter to Defendant TRU asking TRU to cease marketing and selling the Infringing Products.

    b. Following receipt of a notice of allowance for the '212 Application (now matured into the '282 Patent), additional communications occurred in April 2016 between Tinnus and TRU regarding TRU's continued marketing and sale of the Infringing Products.

    c. Defendant TRU offers to sell and does sell the Infringing Products in its retail stores, including stores in this judicial district.

54. As to Defendant Walgreens:

    a. Following issuance of the '066 Patent, Tinnus sent, on June 11, 2015, a cease and desist letter to Defendant Walgreens asking Walgreens to cease marketing and selling the Infringing Products.

    b. Additional communications occurred subsequent to June 11, 2015 between Tinnus and Walgreens regarding Walgreens' continued marketing and sale of the Infringing Products.

  c. Defendant Walgreens offers to sell and does sell the Infringing Products in its retail stores, including stores in this judicial district.

55. Defendants are, among other things, importing, using, selling, and/or offering to sell one or more of the Infringing Products, each of which infringes the Patents. Consequently, Plaintiff Tinnus' right to relief arises out of the same transaction, occurrence, and/or series of transactions or occurrences relating to the making, using, offering for sale, and/or selling the same Infringing Products.

### F. The Telebrands Matters

56. The '066 Patent is currently also the subject of a pending suit in the United States District Court for the Eastern District of Texas, Tyler Division, styled *Tinnus Enterprises, LLC, and Zuru Ltd. v. Telebrands Corp., Prometheus Brands, LLC, and Bed Bath & Beyond, Inc.*, Civil Action Number 6:15-CV-00551 ("*Telebrands* I"), which was filed on June 9, 2015. Because BBB is a named defendant in the *Telebrands I* matter in which the '066 Patent is asserted, BBB is excluded from the allegations and requests for relief in the present matter relating to the '066 Patent.

57. In *Telebrands* I, on June 18, 2015, the plaintiffs filed a Motion for Preliminary Injunction to prevent Defendants in that matter, Telebrands Corp., and Bed Bath and Beyond, Inc., from marketing and selling the infringing product. On September 11, 2015, Magistrate Judge John D. Love found that "because Plaintiffs will likely be able to show that the '066 Patent is infringed and Defendants have failed to raise a substantial question as to the validity of the '066 Patent, Plaintiffs are likely to succeed on the merits."

58. Judge Love recommended that Plaintiffs' Motion for a Preliminary Injunction be granted. District Court Judge Robert W. Schroeder, III adopted that recommendation and granted Plaintiff's Motion for Preliminary Injunction on December 22, 2015. *See* attached **Exhibit D**.

59. The preliminary injunction applies to the Defendants in *Telebrands* I and "all other persons or entities who are in active concert or participation with any of them."

60. The '749 Patent and the '282 Patent are currently also the subject of a pending suit in the United States District Court for the Eastern District of Texas, Tyler Division, styled *Tinnus Enterprises, LLC, and Zuru Ltd. v. Telebrands Corp.*, Civil Action Number 6:16-CV-33 ("*Telebrands* II"), which was filed on January 26, 2016.

## VI. COUNT I
### INFRINGEMENT OF THE '066 PATENT
### [ALL DEFENDANTS EXCEPT BBB]

61. Plaintiff Tinnus re-alleges and incorporates by reference paragraphs 1 through 60 of this Amended Complaint as if fully set forth herein.

62. Plaintiff Tinnus is the owner of the entire right, title, and interest in the '066 Patent.

63. Defendants have and continue to use, import, distribute, offer to sell, and/or sell in the United States the Infringing Products that infringe the '066 Patent. Specifically, the Infringing Products infringe claims 1 – 14 of the '066 Patent literally and/or under the doctrine of equivalents. The Infringing Products infringe claims 1 – 14 of the '066 Patent at least because each Infringing Product includes each and every limitation of claims 1 – 14.

64. Upon information and belief, Defendants were aware that Plaintiff Tinnus had a pending provisional patent application that matured into the '066 Patent.

65. Defendants infringe and will continue to infringe claims 1 – 14 of the '066 Patent by using, importing, distributing, offering to sell, and/or selling within the United States the Infringing Products.

66. Defendants' infringement of the '066 Patent is willful.

67. Plaintiff Tinnus has been, and will continue to be, damaged and irreparably harmed by Defendants' infringement, which will continue unless Defendants are enjoined by this Court.

## VII.   COUNT II
### INFRINGEMENT OF THE '749 PATENT
### [ALL DEFENDANTS]

68. Plaintiff Tinnus re-alleges and incorporates by reference paragraphs 1 through 60 of this Amended Complaint as if fully set forth herein.

69. Plaintiff Tinnus is the owner of the entire right, title, and interest in the '749 Patent.

70. Defendants have and continue to use, import, distribute, offer to sell, and/or sell in the United States the Infringing Products that infringe the '749 Patent. Specifically, the Infringing Products infringe claim 1 of the '749 Patent literally and/or under the doctrine of equivalents. The Infringing Products infringe claim 1 of the '749 Patent at least because each Infringing Product includes each and every limitation of claim 1.

71. Upon information and belief, Defendants were aware that Plaintiff Tinnus had a pending patent application that matured into the '749 Patent, and Defendants were aware that the '749 Patent would issue as U.S. Patent No. 9,242,749 on January 26, 2016.

72. Defendants infringe and will continue to infringe claim 1 of the '749 Patent by using, importing, distributing, offering to sell, and/or selling within the United States the Infringing Products.

73. Defendants' infringement of the '749 Patent is willful.

74. Plaintiff Tinnus has been, and will continue to be, damaged and irreparably harmed by Defendants' infringement, which will continue unless Defendants are enjoined by this Court.

## VIII. COUNT III
## INFRINGEMENT OF THE '282 PATENT
## [ALL DEFENDANTS]

75. Plaintiff Tinnus re-alleges and incorporates by reference paragraphs 1 through 60 of this Amended Complaint as if fully set forth herein.

76. Plaintiff Tinnus is the owner of the entire right, title, and interest in the '282 Patent.

77. Defendants have and continue to use, import, distribute, offer to sell, and/or sell in the United States the Infringing Products that infringe the '282 Patent. Specifically, the Infringing Products infringe claims 1 – 3 of the '282 Patent literally and/or under the doctrine of equivalents. The Infringing Products infringe claims 1 – 3 of the '282 Patent at least because each Infringing Product includes each and every limitation of claims 1 – 3.

78. Upon information and belief, Defendants were aware that Plaintiff Tinnus had a pending patent application that matured into the '282 Patent, and Defendants were aware that the '282 Patent would issue as U.S. Patent No. 9,315,282 on April 19, 2016.

79. Defendants infringe and will continue to infringe the claims of the '282 Patent by using, importing, distributing, offering to sell, and/or selling within the United States the Infringing Products.

80. Defendants' infringement of the '282 Patent is willful.

81. Plaintiff Tinnus has been, and will continue to be, damaged and irreparably harmed by Defendants' infringement, which will continue unless Defendants are enjoined by this Court.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Tinnus respectfully requests the following relief against Defendants:

A. A judgment that the '066 Patent, the '749 Patent, and the '282 Patent are each duly and legally issued, valid, and enforceable;

B. A judgment holding Defendants [except for BBB] liable for infringement of the '066 Patent;

C. A judgment holding Defendants liable for infringement of the '749 Patent;

D. A judgment holding Defendants liable for infringement of the '282 Patent;

E. A temporary restraining order, preliminary injunction, and permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '066 Patent, the '749 Patent, and/or the '282 Patent, including without limitation, an injunction against offers for sale and future sales of the Infringing Products and colorable imitations thereof;

F. An accounting for damages and an award of compensatory damages resulting from Defendants' [except for BBB] infringement of the '066 Patent, together with pre-judgment and post-judgment interest;

G. An accounting for damages and an award of compensatory damages resulting from Defendants' infringement of the '749 Patent, together with pre-judgment and post-judgment interest;

H. An accounting for damages and an award of compensatory damages resulting from Defendants' infringement of the '282 Patent, together with pre-judgment and post-judgment interest;

I. A judgment holding that Defendants' [except for BBB] infringement of the '066 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

J. A judgment holding that Defendants' infringement of the '749 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

K. A judgment holding that Defendants' infringement of the '282 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

L. A judgment holding that this action is an exceptional case and an award to Plaintiff Tinnus for its attorney's fees and costs pursuant to 35 U.S.C. § 285 and other authority;

M. A judgment that Plaintiff Tinnus be awarded its costs incurred herein; and

N. Such other relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Tinnus hereby demands trial by jury.

Dated: April 19, 2016

                                        Respectfully submitted,

                                        */s/ Kelly J. Kubasta*
                                        **Kelly J. Kubasta**
                                        Texas Bar No. 24002430
                                        **James E. Davis**
                                        Texas Bar No. 05504200

                                        **FERGUSON BRASWELL & FRASER, P.C.**
                                        2500 Dallas Parkway, Suite 501
                                        Plano, Texas 75093
                                        Phone: 972-378-9111
                                        Fax:   972-378-9115
                                        kkubasta@dallasbusinesslaw.com
                                        jdavis@dallasbusinesslaw.com

                                        *COUNSEL FOR PLAINTIFF*
                                        *TINNUS ENTERPRISES, LLC*